UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYROSH BROWN,

    Plaintiff,

v.

KENT COUNTY RECYCLE CENTER,

    Defendant.

                                   /

Case No. 1:10-CV-733

HON. GORDON J. QUIST

## OPINION

Plaintiff, Tyrosh Brown, has filed a complaint against Defendant, Kent County Recycle Center (KCRC), alleging a claim of discrimination. Brown alleges that he was assigned to work at the KCRC to fulfill a community service requirement of his sentence. Brown further alleges that on a particular day, apparently during November 2009, he was working on a platform sorting papers at the KCRC when a supervisor called him down from the platform and asked him his name. Brown asked the supervisor and others why they wanted to know his name, and the supervisor responded that he would tell Brown what the problem was after Brown identified himself. Brown alleges that the supervisor and the others went into the office, found Brown's time card, and told Brown they were going to fire him because he was reading the paper on the line. Brown explained that all the workers were reading the paper, but the supervisor told Brown he was still going to be fired. Brown claims that when he asked for the hours he had worked, the supervisor told him they were not going to give Brown his hours. The Kent County Court would not give Brown the hours he worked for KCRC, so he had to perform his community service hours through a local church.

On August 2, 2010, the magistrate judge issued an order granting Brown leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Brown's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below, the Court concludes that Brown's complaint must be dismissed because he fails to state a claim.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct.

at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Brown alleges he suffered discrimination, harassment, and prejudice, but he fails to identify the legal basis for his claim. The only possible federal bases for a discrimination claim are Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.[1] Assuming that any of these statutes could support a claim by a non-employee sentenced to perform community service, Brown's allegations completely fail to meet *Twombly*'s pleading requirements. At most, Brown has alleged in a conclusory manner that he was subjected to discrimination. He fails to allege, however, basic but important facts such as the basis of the discrimination, i.e., race or gender, or how he was treated differently from others outside the protected class. *See Martin v. Howard*, No. 1:10-cv-680, 2010 WL 3942774, at *2 (S.D. Ohio Oct. 7, 2010) ("Plaintiff's conclusory allegations of discrimination, unequal compensation, and sexual harassment are insufficient to give the defendants fair notice of plaintiff's claims against them. Plaintiff's complaint provides no 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009))); *Maxberry v. Goodwill Indus. of Southeastern Wisc., Inc.*, No. 10-CV-655, 2010 WL 3583942 (E.D. Wis. Sept. 9, 2010) ("Although the complaint can be read very liberally to allege employment discrimination, such allegations are, at best, extremely conclusory. Moreover, there are no allegations that can be

---

[1]Brown could also be alleging a claim of discrimination under the Michigan Elliott-Larsen Civil Rights Act ("Elliott-Larsen Act"), M.C.L. §§ 37.2101 to .2804, but if that statute is the sole basis for his claim, the Court would lack subject matter jurisdiction for lack of diversity.

reasonably read to support a plausible claim to relief."). Furthermore, not only does Brown's complaint fail to allege facts showing that he suffered discrimination, his allegations show that he was denied the hours because he was not actually working – a legitimate reason for not giving him the hours.

Therefore, the Court will dismiss Brown's complaint.

An Order Consistent with this Opinion will be entered.

Dated: November 24, 2010                                          /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE